ALFRED E. POLAND, et al.,

*vs.*

THOMASTON FACE AND ORNAMENTAL BRICK COMPANY.

Knox.    Opinion April 5, 1905.

*Contract. Drilling a Well. Construction. Non-performance Excused. . Form of Action. Indebitatus Assumpsit.*

In a verbal contract where there is no guaranty that the work to be done under it shall secure a particular result desired, and from the nature of things this may be impossible, the law implies a condition that both parties shall be excused from their obligations where it becomes reasonably certain that a continuance would be useless.

When a contract, before it has been completed, has been terminated without the fault of the plaintiff, or he has been prevented by the fault of the defendant from fully performing such contract, or by reason of the conduct or statements of the defendant, the plaintiff is justified in abandoning such contract then the plaintiff may recover the reasonable value of his services; and a proper form of action therefor is indebitatus assumpsit.

On motion by defendant.    Overruled.

Assúmpsit on account annexed. The action was tried at the April term, 1904, of the Supreme Judicial Court, Knox County, where the plaintiffs recovered a verdict for $1,333.42. Thereupon the defendant filed a general motion for a new trial.

The case is sufficiently stated in the opinion.

*L. M. Staples,* for plaintiffs.

*Joseph E. Moore,* for defendant.

SITTING:  WISWELL,  C. J., WHITEHOUSE,  STROUT,  SAVAGE,
   PEABODY,  SPEAR,  JJ.

PEABODY, J.   This case comes up on motion for a new trial.

It is an action of assumpsit on account annexed.   The plaintiffs
were verbally engaged to sink an artesian well at $3.50 a foot.   No lim-
it was set to the depth of the well beyond a general statement of the
amount of water required by the defendant, and the time of payment
was not referred to in the contract.   After drilling 386 feet, a depth
much greater than at first anticipated, and not obtaining the requisite
supply of water, the financial condition of the plaintiffs made it diffi-
cult for them to continue the work without some payment on account.
They made several requests for such payment which met either with
no response or replies which tended to show that the defendant not
only refused to admit that any payment was then due but that it
denied any liability under the contract unless the water supply was
secured.   Thereupon the plaintiffs discontinued the work and brought
this action setting out in their account annexed the number of feet
drilled and charging for the work at the price per foot which had been
agreed upon.   The verdict was for this amount.

There is not sufficient evidence to sustain the claim of the defend-
ant, that the plaintiffs guaranteed a certain quantity of water, and
that the meaning of the contract was that unless this was obtained
they were entitled to no pay.   Such a guaranty was expressly
negatived by them, and would not be reasonable without some further
inducement than appears from the mere contract price per foot.   On
the other hand it is not necessary to adopt the plaintiffs' contention
that under the contract they were entitled to recover for each foot
as it was drilled.

A fair construction of the contract is that a well was to be drilled
such as would be adapted to the needs of the defendant, and the
exact depth was left to be determined by the agreement of the parties
in the future according to the success of the enterprise.   It could
not have been intended that the plaintiffs were to go on indefinitely
until water was obtained or forfeit their pay.   The contract was
subject to an implied condition that both parties should be excused

from their obligations in case its actual completion became impossible; and it would have been fulfilled when a sufficient amount of water had been obtained, or when it became reasonably certain that further drilling would be useless. Upon completing the work within this construction of the contract they would have been entitled to payment. 1 Beach on Contracts, sec. 230; *Walker* v. *Tucker,* 70 Ill. 527; *Ward* v. *Vance,* 93 Pa. St. 499; *Cleary* v. *Sohier,* 120 Mass. 210. There is no time fixed for the payment and the law therefore fixes the time, and that is in a case like this when the service is performed. *Davis* v. *Maxwell,* 12 Met. 286. There is no claim in this case that the contract had been fulfilled, and therefore an action upon a special contract would not lie.

This action of general assumpsit on account annexed brought before the work had been completed is a proper form of action where the contract has been terminated without the fault of the plaintiffs. The value of the services rendered may be recovered where the performance has been prevented by the act or default of the defendant. *Wright* v. *Haskell,* 45 Maine, 489; *Holden Steam Mill* v. *Westervelt,* 67 Maine, 446; *Moulton* v. *Trask,* 9 Met. 577; *Canada* v. *Canada,* 6 Cush. 15; *Bassett* v. *Sanborn, et al.,* 9 Cush. 58; *Johnson* v. *Trinity Church Society,* 11 Allen, 123. In *Moulton* v. *Trask,* supra, Shaw, C. J., says: "when a contract is at an end, either by its own original terms, or by the subsequent consent of the parties, or by the unjustifiable act of the defendant, and nothing remains but to pay money, indebitatus assumpsit will lie, although the debt accrued under a special contract; and such special contract may be proper and necessary evidence in support of the action."

Under proper instructions from the presiding justice, which must be assumed to have been given, it was competent for the jury to find from the evidence that the defendant's conduct and statements made at the time of the request for payment on account was a denial of the right of the plaintiffs to any remuneration unless water was obtained, and amounted to a repudiation of the contract on its part. This might have been sufficient justification for the plaintiffs to consider the contract at an end. In the case of *Moulton* v. *Trask,* cited above it was held that if the defendant had without justifiable cause

prevented further performance of the contract, the plaintiff, by bring-
ing his action for the part of the year during which the son had served,
thereby consented to the act of the defendant and the contract was
thereby determined.

Taking this view of the case the plaintiffs may recover in indebi-
tatus assumpsit the value of their services, the contract price being a
reasonable measure of value in the absence of evidence showing any
loss or damage to the defendant by reason of failure to complete the
work.

*Motion overruled.*