## MICHAEL SERETTO

### vs.

## ROCKLAND, SOUTH THOMASTON & OWL'S HEAD RAILWAY.

### Knox.   Opinion January 26, 1906.

*Action.  Debt.  Indebitatus Assumpsit.  Damages.  Recoupment.  Contracts.
Substitution.  Estoppel.  Loss by Idleness of Workmen.
Insurance by Contractor.*

The general rule is that debt lies wherever indebitatus assumpsit will lie.

While generally used for the recovery of a precise sum due under simple or special contracts, yet the action of debt may be maintained for a quantum meruit or a quantum valebat.

By counting in debt, a plaintiff's right to recover is restricted to the sums alleged to be due by the terms of the contract.

If an action of debt is brought on a quantum meruit or a quantum valebat, it is as available to the defendant to show any facts bearing upon the question of what the work done by the plaintiff was reasonably worth or what the goods sold by the plaintiff were reasonably worth as if the action had been covenant broken or assumpsit.

In determining what sums, if any, are due to a plaintiff, in an action of debt he is limited in his proof to the specifications of his claim, and against these items the defendant has the right to introduce counter proof.

If the failure of a plaintiff contractor to fulfill a contract was not caused by the fault of the defendant and any damages have resulted, they may be offered by way of recoupment to reduce the compensation to wh'ch the plaintiff contractor would otherwise be entitled to recover; but .f such plaintiff contractor was prevented or excused by the fault of the defendant from performing the contract he would be entitled to recover such sums as had become due at the date of his writ according to his account annexed or otherwise properly specified in his writ.

When it is mutually covenanted that installments to be paid by a defendant to a plaintiff contractor for work done on a railroad shall be determined by an engineer of the defendant designated by name, and the defendant afterwards substitutes another engineer for the one designated and the plaintiff contractor acquiesces in such substitution, the estimate and certification of the work as it progresses made by the substituted engineer is binding upon the parties, and the defendant by whose acts the substitution is made is estopped from denying the authority of the substituted engineer.

When loss to a plaintiff contractor by reason of the enforced idleness of his workmen appears to be established as the result of the defendant's fault and is clearly due within the terms of the contract, recovery therefor can be had.

When by the terms of a written contract a plaintiff contractor is required to maintain insurance against accidents sustained by any persons in connection with the work embraced in the contract, and the contract calls for "extra work" as well as general work, such insurance must be wholly maintained by such plaintiff contractor at his own expense.

The case at bar was an action of debt brought by the plaintiff to recover certain sums alleged to be due him under a written contract under seal for the building of an electric railway and the work under which contract was abandoned by the plaintiff before its completion. *Held:* that the plaintiff is entitled to recover for general work $8166.67; for extra work claimed, less the amount of liability insurance, $5881.87; for loss by idleness of his workmen $1152; for lumber sold defendant $468.24.

On report.   Judgment for plaintiff.

Action of debt brought by the plaintiff to recover certain sums alleged to be due him under a written contract under seal for the building of an electric railway, the work under which contract had been abandoned by the plaintiff before its completion.   The plaintiff declared in debt by two counts, one based on the items of an account annexed, and the other for goods bargained and sold, money lent, money paid, money received and money due upon an account stated. Under the general count the plaintiff specified the nature of the indebtedness.

At the conclusion of the testimony offered by the plaintiff it was agreed to report the case to the Law Court and that court, "upon so much of the evidence as is legally admissible, to render such judgment as the rights of the parties require."

The case is stated in the opinion.

*Reuel Robinson,* for plaintiff.

*Arthur S. Littlefield,* for defendant.

SITTING:  EMERY,    WHITEHOUSE,    STROUT,    POWERS,    PEABODY,  SPEAR,  JJ,

PEABODY, J.   This action was brought by the plaintiff to recover certain sums alleged to be due him under a written contract for the

building of an electric railway. The case comes before the law court on report.

The work was commenced by the contractor about the middle of April, 1904, and was abandoned by him about the ninth day of July of that year, before it was fully completed. The contract was executed by the parties under seal. The plaintiff declares in debt by two counts, the first being based upon the items of an account thereto annexed amounting to fifteen thousand nine hundred sixty-eight and eight one hundredths dollars ($15,968.08), and the second for like amount for goods bargained and sold, money lent, money paid, money received and money due upon account stated. Under the general count the plaintiff specifies the nature of the defendant's indebtedness to him. By counting in debt the plaintiff's right to recover is restricted to certain sums of money alleged to be due by the terms of the contract, as recovery for damages resulting from a breach of its covenants would require a different form of action.

It is admitted by the plaintiff that the contract was not completed, but he justifies its non-fulfillment by the fault of the defendant. The defendant claims that the plaintiff, without just cause, abandoned the work and did so expressly because it did not yield to the imposition of a condition which was not a part of its obligation; and it alleges, as a further defense to the action, that the plaintiff has not proved performance of such part of the work as entitled him to any instalment of the stipulated compensation.

If the failure of the plaintiff to fulfil the contract was not caused by the fault or default of the defendant and any damages have resulted, they may be offered by way of recoupment to reduce the compensation to which the plaintiff would otherwise be entitled, 9 Cyc. 686, but if he was prevented or is excused by reason of the fault of the defendant from performing the contract, he would be entitled to recover such sums as had become due at the date of the writ according to the account annexed, or specified under the second count in the writ. *Jewett et al.* v. *Weston,* 11 Maine, 346; *Norris* v. *School District,* 12 Maine, 293; *Atkinson* v. *Brown,* 20 Maine, 67; *Andrews* v. *Portland,* 35 Maine, 475.

It is suggested, as a technical defense to this action, that the plain-

tiff has misconceived his remedy, even if there is merit in his claim, that it should have been assumpsit under the common counts, or covenant broken on a count declaring on the special contract. But the plaintiff upon his theory replies that in an action of debt he can recover the definite sums due under the special contract, whether for general work, extra work and materials, so far as the construction of the railroad has progressed, and for loss sustained by him on account of the enforced idleness of his workmen, as provided in the contract. The general rule is that debt lies wherever indebitatus assumpsit will lie. *Larmon* v. *Carpenter*, 70 Ill. St. 549; *Van Deusen* v. *Blum*, 18 Pick. 229; *Veazie* v. *Bangor*, 51 Maine, 509; *Allard* v. *Belfast*, 40 Maine, 369; *McVicker* v. *Beedy*, 31 Maine, 314; *Portland* v. *Atlantic & St. Lawrence R. R.*, 66 Maine, 485; *Norris* v. *School District*, supra. While this action is generally used for the recovery of a precise sum due under simple or special contracts, it may be maintained for a quantum meruit or quantum valebat. *Smith* v. *First Cong.*, etc., 8 Pick. 178; *Nat. Exchange Bank* v. *Abell*, 63 Maine, 346. It would, therefore, be as available to the defendant to show any fact bearing upon the question of what the work done by the plaintiff was reasonably worth as if the action had been covenant broken or assumpsit. And the issue can be tried in this action whether the plaintiff did general work, or did extra work and furnished extra materials, under the terms of the contract, to be ascertained as therein agreed, and whether, upon the facts proved, there were due to the plaintiff other sums of money at the date of the writ. In determining the sums, if any, due to the plaintiff he is limited in his proof to the specification of his claim, and against these items the defendant had the right to introduce counter proof. *Gooding* v. *Morgan*, 37 Maine, 419. The defendant offers no evidence, but relies upon the facts to which the plaintiff is limited by his form of action and the specification of his claim.

By the terms of the contract the plaintiff was to construct 21,920 feet of electric railway main track and 500 feet of second track, in accordance with specifications as to work and material, and extra work was to be done, constituting part of the construction of the railroad to which the provisions of the contract were to apply as fully

as to the general work specified therein. The defendant was to pay for the completed work $17,500 in instalments every thirty days as the work progressed, to the extent of eighty-five per cent. thereof, estimated and certified in writing by the engineer of the railroad, Howard C. Forbes. There are provisional agreements which definitely authorize the engineer to complete the contract if the work is abandoned by the contractor, or unnecessarily or unreasonably delayed, and for adjusting compensation under such conditions; and also providing for indemnifying the contractor for any loss occasioned through the fault of the railway by not being able to deliver materials, or in any other respect failing to carry out its part of the agreement.

The report shows that a bill for extra work, rendered by the contractor, amounting to $1353.02, another for extra work amounting to $1611.02, a bill for regular contract work amounting to $4958.33, estimated and certified by the engineer, were paid. The controversy in this suit relates to the sums alleged to be due subsequently, during the further continuance of the work, from May 21st to about the first of July, 1904, which have not been paid. The first of the unpaid accounts was for extra work, amounting to $2016.80, under date of June 4, 1904, certified by Mr. Bowers, who acted as the engineer of the railroad after the retirement of Mr. Forbes. The second was for extra work, amounting to $2141.47, under date of June 18, 1904, and the third account, dated July 2, 1904, was for extra work, amounting to $1922.59, the two last being certified by Mr. Keene, then acting as the engineer of the railroad. The plaintiff claims also to recover the balance of amount due on general work, under an estimate made by Mr. Keene and reported in writing to the company June 24, 1904, viz. $13,125, less amount paid on account of general work, $4958.33.

The contract between the parties provided, among other things, "Whenever the word 'engineer,' or a pronoun in place of it, is used herein, it shall be and is mutually understood to refer to Howard C. Forbes, 4 State Street, Boston." And it was further provided, "For completing the electric railway as herein specified the sum of Seventeen Thousand Five Hundred Dollars ($17,500,) which shall

be in installments every thirty (30) days as the work progresses to the extent of 85 per cent. (85 per cent.) of the estimates of the work done, prepared and certified in writing by the engineer, the remaining 15% shall be due ten (10) days after the work is completed upon the inspection and acceptance in writing by the engineer." "For all extra work done and extra materials furnished by written order of the engineer, for which no price is set in written order, its actual and reasonable cost to the contractor as certified by the engineer, plus ten per cent. (10 per cent.) of said cost, which sums shall be due in installments of every 14 days as the work progresses, to the full amount of the estimates of the value of work done, prepared and certified in writing by the engineer."

To entitle the plaintiff to recover he must show performance of the contract on his part, or excuse for its non-performance. He is required to prove, in the manner agreed upon, that these items were due when the suit was commenced. It was mutually covenanted that the installments to be paid by the defendant to the plaintiff should be determined by the engineer of the railroad company designated by name. His estimate and certificate would be binding upon both parties, in the absence of fraud, while he continued to act in the capacity of engineer. *Mar. & Pot. R. R. Co.* v. *March*, 114 U. S. 549; *Condon* v. *South Side R. R. Co.*, 14 Gratt. 302; *Howard* v. *All. Val. R. R. Co.*, 69 Pa. St. 489; *McCauley* v. *Kellar et al.*, 130 Pa. St. 53.

It appears that Mr. Forbes commenced to act as engineer in the construction of the railroad with Mr. Bowers as his assistant, that about the middle of May, 1904, he was discharged, and upon his retirement Bowers was specially authorized by the president of the company to act according to his judgment relative to the cuts and fills in the construction of the railroad, and in general was recognized as the chief engineer. The superintendent of the plaintiff was informed by the president of the company that Mr. Bowers had been appointed engineer, and that Mr. Forbes was to certify no more bills. Mr. Bowers left the employment of the defendant company and Mr. Keene, who had been his assistant, was, on June 21, 1904, given general written authority by the president of the company to act as

engineer, and he continued to act in that capacity until the work was suspended. These successors to the original engineer made the estimates and certified thereto as has been stated. Their appointment by the chief officer of the railroad company, the notice given to the plaintiff and his acquiescence in the substitution constituted a waiver by both parties of the conditions of the contract in reference to the estimate and certification of the work as it progressed, and is binding upon them. There was an implied agreement that upon any contingency which prevented the original engineer from continuing to act, a different method should be adopted for determining the instalments which should become due to the plaintiff.

The defendant could not, by removing the engineer, bar the plaintiff's right of recovery. Such a construction would place a premium on wrong doing. *Ricker* v. *Fairbanks*, 40 Maine, 43; *Haynes* v. *Fuller*, 40 Maine, 162; *Emerson* v. *Coggswell*, 16 Maine, 77 ; *Bank* v. *Curtis*, 24 Maine, 36. There might have been objection on the part of the plaintiff to the successors of the engineer designated in the contract, but it is shown by his acts that he assented to the substitution. But the defendant, by whose acts the substitution was made, is estopped from denying the authority of these engineers.

It is insisted by the defendant that it was a condition precedent to the plaintiff's right of recovery that the estimates and certificates should be made in the manner stated in the contract. This would be true if any definite method or form is required, unless the condition is waived or excuse for its omission is shown. *McNamara* v. *Harrison*, 81 Ia. 486; *Michaelis* v. *Wolf*, 136 Ill. 68 ; 1 Beach on Contracts, secs. 100, 101, 102. The requirement as to the estimates and certificates of the engineer is simply that the contract price for the general work should be due " in instalments every thirty (30) days as the work progresses to the extent of 85 per cent. (85 per cent.) of the estimate of the work done, prepared and certified by the engineer," and the written reports of the engineers of their estimates appear to us sufficiently explicit to comply with the terms of the contract. *McCauley* v. *Kellar et al.*, supra ; *Drhew* v. *Altoona*, 121 Pa. St. 40 ; *Ricker* v. *Fairbanks*, supra. It would appear, therefore, that these items of work and materials are proved in the manner

required by the contract and would be recoverable, unless defeated by the failure of the plaintiff to fulfil his contract without fault on the part of the defendant.   The evidence shows that the failure of the defendant to pay the instalments found due by the engineers was the reason why the work was abandoned by the contractor.   It is argued that the plaintiff required security for future instalments in addition to the payment of present indebtedness not authorized by the terms of the contract; but we think that immediate payment of what was due was separable from a condition which the defendant might refuse, and, after demand, which the evidence shows was repeatedly made by the plaintiff, he was justified in discontinuing the work.   So far as it had progressed he must be regarded as having fulfilled the contract and may recover the instalments of the general work due, together with the fifteen per cent contingently deferred, and the sums due for extra work done and extra materials furnished, determined according to the terms of the contract.

The item of loss to the plaintiff by reason of the enforced idleness of his workmen, appears to be established by the evidence as the result of the defendant's fault, to the amount specified in the plaintiff's claim, and is clearly due within the terms of the contract.

Another item of the plaintiff's claim in controversy is the amount paid for insurance against accidents which is required to be maintained by the contractor at his own expense.   It was to cover all work "embraced in this contract."   The plaintiff claims that the employer's liability insurance which he is required to maintain applies only to the general work, and that the amount paid for insurance claimed in this action relates only to extra work and is an element of expense constituting a part of the actual cost.   But the language of the contract requires that the insurance in connection with the extra work, as well as the general work, shall be maintained at the expense of the contractor.   This is the necessary implication from the provision relating to extra work when ordered by the engineer, that "all and singular the provisions of this contract shall apply to said extra work as if the same were specified in the contract."   The amount of this item must be disallowed.

Upon these considerations we hold that the plaintiff should recover

the balance due for general work, $8166.47, the aggregate for extra work claimed less the amount of liability insurance, $5881.87, loss by idleness of his workmen, $1152, and lumber sold railroad company, $468.24.   Judgment should be entered accordingly.

*Judgment for plaintiff for $15,668.58.*