FARNUM v. KENNEBEC WATER DIST.

(Circuit Court of Appeals, First Circuit. May 7, 1909.)

No. 799.

1. WATERS AND WATER COURSES (§ 183½*)—IMPROVEMENT CONTRACT—WHAT LAW GOVERNS.

A contract with a quasi municipal corporation created by the laws of Maine to put down a water pipe line for a number of miles in that state must be regarded as governed by the laws of Maine, in the absence of other circumstances.

[Ed. Note.—For other cases, see Waters and Water Courses, Dec. Dig. § 183½.*]

2. WORK AND LABOR (§ 14*)—BREACH OF EXPRESS CONTRACT—RESTATEMENT OF ACCOUNT.

Plaintiff contracted to lay a water pipe line in Maine for defendant, a quasi municipal corporation, for compensation based on quantities to be paid for on monthly estimates by the engineer, with a reservation of 15 per cent. until a final estimate. The contract provided that defendant's delay in furnishing materials to the contractor should be ground for additional time, if not completed by December 15, 1904. The work was not completed at the time named by reason of such delay, and on January 4th, following, defendant took possession of the work and evicted plaintiff, though he was ready and willing to complete the contract within the extension to which he was entitled. Plaintiff lost money by the work done under the contract to the time of eviction, and the balance of the uncompleted work at the contract price would have amounted to about $15,000, though for plaintiff to have completed would have entailed on him a further loss of from $2,000 to $3,000. Estimates had been paid him according to the contract relating to everything he had done or furnished before his eviction. *Held*, that plaintiff in an action on a quantum meruit was not entitled to have the contract treated as canceled from the beginning and to have the entire account restated, independent of the prices based on the quantities named in the contract, and to recover the reasonable value of the work done and material furnished, but that in the statement of his account plaintiff was bound by the contract prices in so far as the contract was executed.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 31–33; Dec. Dig. § 14.*]

3. CONTRACTS (§ 328*)—BREACH—DEFENSES.

Where a contractor was evicted from the work while he was willing to finish the same as required by the contract, a provision against an allowance of damages for delay in performing defendant's obligation to furnish materials was no defense to an action for damages for such eviction.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 328.*]

4. JUDGMENT (§ 590*)—RES JUDICATA—NATURE OF RELIEF SOUGHT.

A judgment for defendant in an action by a contractor on a quantum meruit to recover the reasonable value of work done and materials furnished, after having been evicted from the work before complete performance, was no bar to a suit in the nature of an action of tort for breach of the contract or for any portion of a reserved percentage earned and unpaid.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 590.*]

In Error to the Circuit Court of the United States for the District of Maine.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

William Frye White and Seth M. Carter (Wallace H. White, on the brief), for plaintiff in error.

Harvey D. Eaton, for defendant in error.

Before COLT, PUTNAM, and LOWELL, Circuit Judges.

PUTNAM, Circuit Judge. This is a suit at common law in which the Circuit Court directed a verdict for the defendant. Thereupon the plaintiff sued out a writ of error. It is convenient throughout to call the plaintiff below the plaintiff, and the defendant below the defendant. An agreement was filed under the statute waiving a jury, and, so far as all substantial purposes are concerned, the case was submitted to the court on an auditor's report. The record is in such form that it enables this court to order an affirmance of the judgment, or a reversal followed by a judgment for the plaintiff for the amount claimed by him, less some minor corrections made by the auditor. Chicago, etc., Railway Company v. Clark, 178 U. S. 353, 364, 20 Sup. Ct. 924, 44 L. Ed. 1099.

July 22, 1904, the plaintiff made a contract with the defendant for laying in Maine a pipe water line a distance of a number of miles. The contract was not for a round sum, but was based on quantities, with the usual provision for monthly estimate by the engineer, with a reservation of 15 per cent. until the final estimate. It contained the following provision:

"Delay in furnishing materials to the contractor shall not constitute ground for damage claims, but if the work be interrupted thereby, the time for completing the same shall be correspondingly extended."

By the terms of the contract the work was to have been completed by December 15, 1904, subject to the provision for delay in furnishing materials cited. The work was not completed at the time named; but this was caused by delay on the part of the district in furnishing pipe. On January 4, 1905, the defendant took possession of the work and evicted the plaintiff. The plaintiff did not abandon the work, but expressed himself ready and willing to complete it within the proper extension of time to which he was entitled. He had lost money by the work under his contract to the time of eviction. The balance of the incompleted work at the contract price would have amounted to about $15,000; but for the plaintiff to have completed the work would have entailed on him a further loss of from $2,000 to $3,000. The estimates have been paid him according to the contract, and they related to everything which he had done or furnished before his eviction. It was stated at bar by the defendant that, under a provision of the contract which permitted the defendant to pay bills incurred by plaintiff on the work, the same to be charged against the amount due him or to become due him, he has, in fact, been paid more than the entire estimates; so that, in fact, no reserve is due him. Nevertheless, whether the reserve has been paid him is not shown by the record nor admitted by both parties.

Under these circumstances the plaintiff claims to restate the entire account from the beginning, to reject the prices based on qualities named in the contract, and to recover under a quantum meruit reason-

able amounts for work done and materials furnished. If the account is to be restated as claimed, there would have been due him at the time the suit was brought, aside from any question of interest, $24,673.05; and the dispute here is over that sum.

It will be seen at once that the proposition of the plaintiff is on its face extraordinary. The work was done under a contract and paid for within 15 per cent. according to that contract; and yet the plaintiff claims that the defendant's breach is retroactive in its effect, to such an extent as to annul what was in fact done, and make that which was executed executory. Unless the authorities are the other way, this certainly is not in accordance with the fundamental principles of the law. It is true that in a contract of this nature the earlier part of the work is sometimes the more expensive, on account of the cost of installation of machinery, tools, and materials, so that sometimes the earlier part of the work is not profitable while the latter part is, and so that the contractor looks for his profit to come from his ability to close the whole enterprise. On the other hand, sometimes it is the other way, and, in the early part of work of this character, the contractor skims the surface, gets large estimates, and abandons his contract, leaving it to be finished at a loss to the party with whom it was made. Therefore, it is impossible here to give any weight pro or con to any suggestions of that character. If the condition of things is like that first suggested, the contractor had his remedy by bringing an action for breach. If, on the other hand, he sues on the common counts, as he certainly may under some circumstances, he does it at his own option. There is no necessity arising out of the circumstances which makes it proper, in order to secure justice, that the apparent rules of law should be violated or strained.

On the other hand, the plaintiff brings to us numerous decisions which he thinks sustain his propositions. In applying these, two important things are to be remembered. One is that those authorities which simply hold that an action lies on the common counts do not meet the issue here; because it must be conceded that, wherever there is a breach, and in consequence thereof the adverse party elects to abandon the contract, an action on the common counts lies for what has been done or furnished, as the same form of action would lie if the entire work had been completed. That it would lie under the latter condition, and also under the former, has been settled for a century. No issue of such a general character is here at all, so that we have no occasion to consider any authorities simply reiterating that rule. The other thing to be considered is that in some decisions the work to be done was of such a character, or the agreed compensation therefor was to be in such form, that it was impossible to formulate any practical rule except that which the plaintiff maintains; and in none of them had the contract actually been executed by payments in whole or in part for each and every item of work done or materials furnished, as in the case at bar. Dixon v. Fridette, 81 Me. 122, 16 Atl. 412, Wright v. Haskell, 45 Me. 489, and Mullaly v. Austin, 97 Mass. 30, were of the general character which we say do not assist us in this case. The plaintiff also cites decisions in no way authoritative with us, and we limit our detailed investigaton to such as are.

The rule has been fixed in Maine under the conditions of departure by the contractor from the terms of the contract. It is laid down in White v. Oliver, 36 Me. 92, and has always been adhered to. There it was decided that, if the contractor for the erection of a building has departed from the contract as to the size of the building or the quality of the work, and the building has been accepted, he is entitled to recover the contract prices, deducting whatever the work may be worth less on account of departures; so that, under the circumstances supposed, the defendant could not have shown that the value of the work accepted should be computed from a lower standard. Consequently, where the breach is by the other party, as in the case at bar, justice, which should hold an even hand, requires the application of the same rule.

We have examined all the cases decided by the Supreme Judicial Court of the state of Maine so far as brought to our attention, and also all others which we could discover. One case which brings in the circumstance of a breach of condition by the person for whom the work is to be done is Holden Company v. Westervelt, 67 Me. 446, apparently relied on by the plaintiff. The particular controversy before us did not arise. Nevertheless, the court, at the conclusion of the opinion, pages 451 and 452, laid down the rules that, in all cases where the common counts are relied on, "the contract is the foundation of the action," and that it rests on the plaintiff to show that there is some good reason for departure, and, in conclusion, that "the contract is the starting point," and that it must be proved in the case. In Poland v. Brick Company, 100 Me. 133, 60 Atl. 795, the amounts recovered were at the contract prices, and no issue such as we have here was made; but, at page 136, the opinion reaffirmed that the contract price is a reasonable measure of value, in the absence of evidence showing any loss or damage by reason of failure to complete the work. In Serretto v. Rockland, etc., Railway, 101 Me. 140, 63 Atl. 651, the actual contract prices were recovered, although the contractor was prevented from completing the work by the fault of the corporation. No particular issue was made in that case which bears directly on what we have before us; yet, at page 145, the opinion says that, so far as the work was done, "the engineer's estimate and certificate would be binding upon both parties in the absence of fraud." In fact, it was the engineer's certificates that determined the amount recovered. Therefore it is entirely plain that the trend of the Maine decisions is to the effect that the agreed prices in the contract would determine the amount to be paid, even if the matter of payment had been executory and not executed, in the absence of peculiar facts of a class not shown here.

In fact, the law in Maine is apparently the same as that stated in Koon v. Greenman, 7 Wend. (N. Y.) 121, 123, where the party for whom the work was being done unlawfully prevented its completion. There the opinion said that "the contract prices should be held conclusive between the parties," provided it did not appear that the infraction of the contract made the work more expensive than was contemplated when it was made, or than it otherwise would have been. An exception of this character might arise when, as suggested by us, the earlier work might be more expensive than the contract prices, and

the later work might furnish the profit. As we have already observed, nothing of that nature is shown here. Although not there in issue, this expression was reaffirmed in New York in Merrill v. Ithaca R. R. Company, 16 Wend. 586, 30 Am. Dec. 130. In a case cited by the plaintiff, Clark v. New York, 4 N. Y. 338, 53 Am. Dec. 379, this question was not under consideration, and Koon v. Greenman was not even referred to. We will add that we cite these New York cases, not because they are authoritative with us, but because they state with approximate accuracy the rules of law as we understand them to exist in Maine.

The contract does not show where it was executed; but, as it was with a quasi municipal corporation created by the laws of Maine, and as the work was to be done on realty in Maine, we have no doubt that it is to be regarded as made with reference to the laws of that state. Therefore, for authorities we look at the law as expounded by the courts there, and, further, to the Supreme Court. The only decisions of that court which have been cited to us, or which we have discovered on such examination as we have been able to give, are Chicago v. Tilley, 103 U. S. 146, 26 L. Ed. 371, United States v. Behan, 110 U. S. 338, 4 Sup. Ct. 81, 28 L. Ed. 168, and Lovell v. Insurance Company, 111 U. S. 264, 4 Sup. Ct. 390, 28 L. Ed. 423. Plaintiff seems to find some support in these cases, but we do not perceive that they assist us at all. Chicago v. Tilley, at page 154 of 103 U. S. (26 L. Ed. 371), lays down one of the general rules which is not disputed. It is evident from United States v. Behan, at pages 340, 343, and 345, of 110 U. S., 4 Sup. Ct. 81 (28 L. Ed. 168), that the petition to the Court of Claims from which the appeal was taken to the Supreme Court, and which petition was of the usual anomalous character, was for recovery of damages for a breach of contract. Moreover, it appears, at page 343 of 110 U. S., 4 Sup. Ct. 81 (28 L. Ed. 168), that the contractor had received no payment whatever, so that the whole was executory and in no way executed as in the case at bar. Lovell v. Insurance Company only reiterates, at page 274 of 111 U. S., 4 Sup. Ct. 390 (28 L. Ed. 423), the rules stated in United States v. Behan applicable to a suit for damages for a breach.

For the reasons already stated, we will not undertake generally to go over the various citations made by the plaintiff from the decisions of other state courts, except that we will refer briefly to the line of authorities in Massachusetts. Those start with Dane's Abridgment, vol. 1, p. 221 et seq. At the time Mr. Dane wrote, the law touching this entire topic still remained in a somewhat confused condition, being to some extent at odds with the rules as then understood in England. In Hayward v. Leonard, 7 Pick. (Mass.) 181, 19 Am. Dec. 268, decided in 1828, and therefore after the Separation, the court of quantum meruit was referred to; but no issue of a definite character applicable here was there involved. The same observation may be made about Smith v. Congregational Meeting House, 8 Pick. (Mass.) 178, decided in 1829. The departure from the law as found in Maine is shown in Fitzgerald v. Allen, 128 Mass. 232, 234. The opinion of the learned justice in that case referred to Hayward v. Leonard and Smith v. Meeting House, but neither support Fitzgerald v. Allen. The opin-

170 F.—12

ion in the last case said that, under the circumstances, what the defendant received from the plaintiff was to be paid for "independently of the terms of the contract," and added: "The contract itself is at an end. Its stipulations are as if they had not existed." This has apparently been followed continuously in Massachusetts, as claimed by the plaintiff.

What we understand to be the rule in Maine is in harmony with fundamental justice. Using this case as an illustration of what we mean, the eviction of the plaintiff by the defendant saved the plaintiff from further loss; and yet the plaintiff claims that it imposed on the defendant what is more or less in the nature of a penalty, the sum of $24,673.05. If not strictly a penalty, it would be at least a loss to the defendant, and a corresponding gain for the plaintiff, for which there was no legal consideration moving from the latter. It was at the option of the plaintiff to bring an action for damages had he seen fit so to do, and in that action he could have recovered whatever he might have actually suffered as the consequence of the act of the defendant, as well as whatever might be due him on account of what he had already accomplished. In such an action full and exact justice would have been done. The rules of damages in such a case are stated in a general way in United States v. Behan, already cited, 110 U. S. 338, 345, 4 Sup. Ct. 81 (21 L. Ed. 168). There is no propriety in permitting the plaintiff, through his election of a form of action which is not the one primarily appropriate to the circumstances, to make a gain to which he is not entitled. Such would be the conclusion even if the questions between the plaintiff and the defendant were still executory with reference to payment for what the plaintiff has done or furnished; but, the payment having been completed, at least in part as to each and every item, as we have shown, the claim of the plaintiff to have the entire accounts restated, so far as we understand, is not supported by any decision of any court cited by him or which we have found.

It seems to be claimed by the defendant that the provision in the contract prohibiting the allowance of damages on account of the delay in furnishing materials is, of itself, a bar to this suit. Such clearly is not the fact. It may be true that, if there had not been that delay, the controversy out of which this suit arose would never have occurred, so that in one sense the delay is in the line of causation; but the law looks only at the causa causans. The basis of this suit, or of any other suit which the plaintiff might bring, is not the delay in furnishing materials, but the unlawful eviction of the plaintiff from his work, for which the contract made no provision pro or con. Therefore, it must be understood that the judgment rendered here is no bar to any suit which the plaintiff may bring in the nature of an action of tort for a breach of the contract, or for any portion of the fifteen per cent. reserve stipulated for therein, if there is any such portion unpaid.

The judgment of the Circuit Court is affirmed, and the defendant in error recovers its costs of appeal.