ELISHA RUCKMAN, PLAINTIFF IN ERROR, v. WILLIAM R. BERGHOLZ, DEFENDANT IN ERROR.

1. In an action of assumpsit, brought to recover compensation for services as an agent in selling real estate, the declaration contained a special count on a contract for the payment of a stipulated per centage on a specified price, and also the common counts. *Held*, that the plaintiff might recover on the common counts.

2. Interest on such a claim is recoverable from the time when the contract between the seller and the purchaser procured by the agent was made.

3. The fact that the agent had taken out no license, as a real estate agent under the internal revenue law of the United States, will not affect his right to recover compensation. The sole object of that law, in requiring a real estate agent to take out a license was to raise revenue. The question in such cases is, whether the statute was intended as a

Ruckman v. Bergholz.

protection or merely as a fiscal expedient; whether the legislature intended to prohibit the act unless done by a qualified person, or merely that the person who did it should pay a license fee. If the latter, the act is not illegal.

4. The rule that an agent, employed to sell, cannot himself be a purchaser unless he is known to his principal to be such, applies where the employment is to sell at a stipulated price.

5. It should be clear that a misdirection in a charge has done no injury to the party complaining of it, and if there is reasonable doubt on that head he is entitled to the benefit of it.

In error to the Bergen Circuit.

The case was argued on the errors assigned.

For the plaintiff in error, *Vanatta*.

For the defendant in error, *Cortlandt Parker*.

The opinion of the court was delivered by

THE CHANCELLOR. This action was brought in the Circuit Court of the county of Bergen, by William R. Bergholz against Elisha Ruckman, to recover compensation for services in the sale, by Bergholz for Ruckman, of about eighteen hundred acres of land owned by the latter. The declaration contained a special count upon a contract whereby, as alleged, the defendant, in consideration that the plaintiff would procure a purchaser for and effect the sale of the land at the rate of $275 an acre, agreed to pay him therefor a commission of five per cent. of the purchase money. It also contained the common counts.

The defendant pleaded the general issue and a special plea that the plaintiff was, at the time of the sale, interested with the buyer as a partner in the purchase. Issue having been joined on these pleas, the cause was tried, and resulted in a verdict in favor of the plaintiff on both issues. Sundry exceptions were taken by the defendant at the trial, and a writ of error was brought to this court thereon accordingly. Of the alleged errors, those which were assigned on the charge

were alone insisted upon in the argument here. The principal of these were the charge that from the evidence the plaintiff was not carrying on the business of a broker in real estate, and was not a real estate agent within the meaning of the internal revenue act, and was not for the transaction, from which the claim in suit arose, required to take out a license; that conceding that he was interested in the purchase at the time of the sale and did not disclose his interest to the defendant, he was, nevertheless, entitled to recover; the refusal to charge that the plaintiff was not entitled to recover under the common counts, and the charge that the plaintiff was entitled to interest, if the jury found for him, from June 1st, 1868, and not merely from the time of demand made by him upon the defendant for the money, which was about May, 1869.

To dispose in the first place of the last two of these alleged errors, the plaintiff, if he was entitled to compensation, was entitled to interest upon it from the time when it was payable to him. It was due when he had completed his stipulated work, when the contract was made between the defendant and the purchaser. That appears to have been on the 12th of May, 1868. The rule governing the allowance of interest on a running account or a claim for unliquidated damages, has no application to this case. There is no error in this direction of the judge. The judge very properly refused to charge that the plaintiff was not entitled to recover under the common counts. If the plaintiff failed to prove the contract alleged in the special count, but instead of it proved a different one, variant as to the amount of compensation or the extent of the service to be rendered, he might have recovered under the common counts, or if necessary, an amendment might have been allowed at the trial, or, failing that, this court would have made it, if the ends of justice required. The verdict shows that the jury did not find that the agreement stated in the special count, was made. They found that there was one which entitled the plaintiff to compensation at the rate of only two and a-half per cent.

Ruckman v. Bergholz.

Nor was there error in the charge in respect to the plaintiff's right to recover, notwithstanding he had taken out no license as a real estate agent under the internal revenue law of the United States. The judge might properly have gone further than he did in this direction. He charged that from the evidence, the plaintiff was not within the provisions of that act, and therefore could not be affected by them. It is insisted that he should have left it to the jury to determine whether the plaintiff was a real estate agent or not. But that was a matter of no importance, for if he were such and had not taken out a license, that fact could not in any wise have affected his right to recover. The question in such cases is, whether the statute was intended as a protection or merely as a fiscal expedient; whether the legislature intended to prohibit the act unless done by a qualified person, or merely that every person who did it should pay a license fee. If the latter, the act is not illegal. *Cope* v. *Rowlands*, 2 *M. & W.* 149; *Smith* v. *Mawhood*, 14 *M. & W.* 452; *Taylor* v. *Crowland Gas and Coke Co.*, 10 *Exch.* 293.

The internal revenue law prescribed no qualification for a real estate agent. Any one who should have taken out the requisite license would have been authorized *ipso facto*, so far as that law was concerned, to carry on the business without respect to his qualifications. It did not undertake to declare any act done by an unlicensed person acting as a real estate agent, invalid. Its sole object in requiring a license in such case was to raise revenue.

It remains to be considered whether there was error in the charge on the subject of the interest of the plaintiff in the purchase. The judge, distinguishing this case from one where the price was left open to the negotiations of the agent, instructed the jury that though the plaintiff was interested in the purchase when it was made, he might, nevertheless, recover his commissions as agent, notwithstanding the defendant was not aware of the existence of such interest. In this there was error, for it is a fundamental rule that an agent employed to sell cannot himself be a purchaser, unless he is

known to his principal to be such. *Dunlap's Paley on Agency* 33; *Story on Agency*, § 210; see, also, *Hurst* v. *Holding*, 3 *Taunt.* 32; *Crowe* v. *Ballard*, 3 *Brown, C. C.* 149; *Farnsworth* v. *Hemmer*, 1 *Allen* 494; *Walker* v. *Osgood*, 98 *Mass.* 348.

And this rule is not inapplicable, nor is it relaxed when the employment is to sell at a fixed price, for it springs from the prohibitory policy of the law adopted to prevent the abuse of confidence and to remove temptation to duplicity. It requires a man to put off the character of agent when he assumes that of principal. It is claimed however that inasmuch as the jury were properly directed to find upon the second issue, and on it found substantively that the plaintiff was not interested, the error did no harm. Whether injury was done by the misdirection, will depend on whether the finding on that issue was affected by the erroneous charge.

The charge as to that issue was as follows: "If you find for the plaintiff, the court desire you in addition to your general verdict, to find an answer to this question: Was the plaintiff, at the time of making the contract, May 12th, 1868, interested as part purchaser with King in the contract? In order that that question may by fully taken care of hereafter, you will find it specially. If you find that he was interested, you have a right to use it on the question of veracity, but in addition to that the court wish you to find specially whether he was interested May 12th, 1868, as part purchaser with King in the contract. On the other hand, it is urged that the defendant had a right to a lawful charge on both issues, and if as to either it was refused or an unlawful one given, the judgment should be reversed. It is true the parties to a suit have the right to have the law truly declared, but it is also true that a judgment will not be reversed for an error, however manifest, which has done no injustice. But it should be clear that the party complaining has not been injured by the error, and if there is reasonable doubt on that point, it is the duty of the court to give him the benefit of it.

In the present case the defendant strenuously insisted that if the plaintiff was interested in the purchase when it was made and the defendant was unaware of that fact, it was a complete defence to the action. The charge positively declared the contrary. The defendant was thus deprived of this most important ground of defence. Though the jury were permitted to consider the testimony as to the plaintiff's interest under the first issue with a view to contradicting him, that will not relieve him from the consequences of the error.

In *Reed* v. *Van Cleve*, 3 *Dutcher* 352, evidence competent on the merits was excluded as principal testimony, but admitted to contradict a witness. The verdict in favor of the party objecting to the testimony was set aside for the error. It may well be doubted whether after a positive charge, that a fact insisted upon as a defence is no defence at all, and therefore is of no importance in that connection, a jury would be likely to give any attention to a special finding in regard to it. Their tendency and inclination under such circumstances would most probably be to regard it as a mere formality following their conclusion on the main issue as a matter of course, and it may be fairly presumed that they would spend but little time upon a question which they had been judicially instructed to consider of no importance in determining the controversy.

The second issue was a very material one in the suit. Had the question it involved been determined against the plaintiff, the verdict in his favor on the first issue could not have been sustained. The defendant had a right to have it presented to the jury in its proper proportions.

In *Toulmin* v. *Hedley*, 2 *Carr. & Kir.* 157, the court were of opinion that the charge in terms was correct, but that it still might have been misunderstood by the jury and for that cause they set aside the verdict. In *Benham* v. *Cary*, 11 *Wend.* 83, it was held to be error that the charge was calculated to make an erroneous impression upon the jury and to mislead them in their views of the case.

The instruction under consideration was erroneous and it is by no means clear that the defendant was not prejudiced by it.

The judgment ought therefore, for this error, to be reversed.

*For reversal*—The CHANCELLOR, CHIEF JUSTICE, SCUD-DER, VAN SYCKEL, WOODHULL, CLEMENT, DODD, GREEN, WALES. 9.

*For affirmance*—DALRIMPLE.