WERNER, HISCOCK, CHASE, COLLIN and CUDDEBACK, JJ., concur.

Judgment of conviction affirmed.

---

JAMES CLARKE, Respondent, v. FREDERICK SCHMIDT, Appellant.

Appeal — trial — contradictory charge by trial court — judgment reversed because rule of law on which verdict was based cannot be ascertained — breach of contract — measure of damages.

1. Judgment reversed where the charge by the court was contradictory, so as to leave the minds of the jurors in an unsettled state, and it cannot be said on what rule of law the verdict was based.

2. The measure of damages for breach of contract in delivering goods of inferior quality to those contracted for is the difference between the value of the goods which were actually delivered and what their value would have been had they corresponded to the contract.

*Clarke* v. *Schmidt*, 148 App. Div. 895, reversed.

(Argued December 18, 1913; decided February 24, 1914.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 13, 1912, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Herbert R. Limburg* and *Henry L. Scheuerman* for appellant. The court erred in its instructions as to the law applicable to this case. (*Bierman* v. *City Mills Co.,* 151 N. Y. 482; *Waeber* v. *Talbot,* 167 N. Y. 48.) The court erred in its instructions as to the measure of damages for breach of warranty, and as to the evidence necessary to prove damages. (*Voorhees* v. *Earl,* 2 Hill, 288; *Carey* v. *Gruman,* 4 Hill, 627; *Muller* v. *Eno,* 14 N. Y. 597; *Isaacs* v. *Wanamaker,* 189 N. Y. 122; *Mathes* v. *McCarthy,* 195 N. Y. 40; *Norwich Light Company* v. *Ames,* 122 App. Div. 319; *Hopper* v. *Storey,* 155 N. Y. 171; *Bates* v. *Fish Bros. Wagon Co.,* 50 App. Div. 38; *Todd* v. *Gamble,* 148 N. Y. 382; *Saxe* v. *Penokee Lumber Co.,* 159 N. Y. 371.) The court erred in its charge as to the burden of proof. (Benjamin on Sales [5th ed.], 621; *Pope* v. *Allis,* 115 U. S. 393; *Carleton* v. *Lombard,* 149 N. Y. 137; *Waeber* v. *Talbot,* 167 N. Y. 48; *Walls* v. *Bailey,* 49 N. Y. 464, 469; *Rickerson* v. *Hartford Ins. Co.,* 149 N. Y. 307; *London Ass. Co.* v. *Thompson,* 170 N. Y. 94; *Rosenstein* v. *C. Mfg. Co.,* 50 Misc. Rep. 345; *Zoller* v. *Morse,* 130 Mass. 267; *Rose* v. *Wells,* 36 App. Div. 593; *Duryea, Watts & Co.* v. *Rayner,* 20 Misc. Rep. 544.)

*Carl A. Mead* and *John A. Garver* for respondent. There was no error in the charge as to the measure of damages for breach of warranty. (*Voorhees* v. *Earl,* 2 Hill, 288; *Cary* v. *Gruman,* 4 Hill, 625; *Kiernan* v. *Rocheleau,* 6 Bosw. 148; *Muller* v. *Eno,* 14 N. Y. 597; *Isaacs* v. *Wanamaker,* 189 N. Y. 122; *Isaacs* v. *Wanamaker,* 71 Misc. Rep. 55; *Lewis* v. *Doyle,* 13 App. Div. 291; *Home Ins. Co.* v. *Western Transp. Co.,* 51 N. Y. 93; *Post* v. *Manhattan Ry. Co.,* 125 N. Y. 697; *Werner* v. *Rochester,* 149 N. Y. 563; *Dr. David Kennedy Corp.*

v. *Kennedy,* 165 N. Y. 353; *Dodge* v. *Cornelius,* 168 N. Y. 242.) The charge as to burden of proof presents no reversible error. (*Spencer* v. *C. M. L. Ins. Assn.,* 142 N. Y. 505; *Raines* v. *Totman,* 64 How. Pr. 493; *Deeley* v. *Heintz,* 40 App. Div. 612; 169 N. Y. 129; *Sharples* v. *Angell,* 46 App. Div. 329; *Dommerich* v. *Garfunkel,* 32 Misc. Rep. 740; *Door* v. *Fisher,* 1 Cush. 271; *Lathrop* v. *Otis,* 7 Allen, 435; *Gile* v. *Sawtelle,* 94 Me. 46; *Toole* v. *Davenport,* 63 Ga. 160; *Moulton* v. *Baer,* 78 Ga. 215.)

CUDDEBACK, J. The plaintiff's assignor, the E. Richard Meinig Company, is a manufacturer of gloves at Reading, Pa., and the defendant is a jobber of the same in New York city. In May, 1907, the defendant ordered 5,300 dozen pairs of ladies' silk gloves to be manufactured by the Meinig Company and to be delivered at intervals of about a month up to May, 1908. The contract provided that the gloves should be packed in boxes, each box to contain one-half dozen pairs of gloves of the size labeled on the box.

Prior to the month of April, 1908, the Meinig Company had shipped to the defendant and the defendant had received and paid for gloves to the value of $9,620.76. On April 11th and 13th, 1908, the Meinig Company shipped to the defendant 480 dozen pairs of gloves which the defendant returned on the 18th of April for the reason, as it was alleged, that the gloves in the several boxes were not of uniform size, and were not of the size labeled on the box, and were, therefore, unmerchantable and not suitable for the trade.

The action is to recover the purchase price of the 480 dozen pairs of gloves shipped in April, 1908. The answer of the defendant sets up the defense that the gloves were not properly boxed and labeled, and also sets up a counterclaim based on the allegation that the gloves previously delivered under the contract were not properly

boxed and labeled, were not suitable for the defendant's trade, and that the defendant had suffered damage in the amount of $10,000. On or about April 7, 1908, the defendant offered to return to the Meinig Company some of the gloves included in the counterclaim.

The verdict of the jury was in favor of the plaintiff on his cause of action and the judgment entered on such verdict has been unanimously affirmed at the Appellate Division. The defendant on this appeal relies upon exceptions taken to the judge's charge and to rulings on questions of evidence.

The defendant contends that the court erred in the charge as to the burden of proof on the plaintiff's cause of action. The trial judge at the request of the plaintiff's counsel charged the jury that the burden rested upon the defendant to prove that the gloves referred to in the complaint were not at the time the plaintiff delivered them uniform and regular in size and of the size labeled on the boxes, and merchantable, and that unless the defendant proved these allegations by a fair preponderance of evidence, then the verdict should be for the plaintiff. Also that if the evidence of the plaintiff and of the defendant, as to the defects in the goods referred to in the complaint and in the counterclaim, was of equal weight, the verdict should be for the plaintiff, inasmuch as the burden rested upon the defendant to prove the defects which he had alleged.

Subsequently, at the request of the defendant's counsel, the court charged the jury, with respect to the 480 dozen pairs of gloves mentioned in the complaint, that the burden of proof was upon the plaintiff to show that the gloves were such as the contract called for and fulfilled all the implied warranties which accompanied the sale. And also said, the burden of proof being upon the plaintiff to establish his cause of action by a fair preponderance of the evidence, if the evidence is evenly balanced as to whether or not within the rules laid down

as to an implied warranty and proper delivery, the Meinig Company did or did not make a good delivery of the merchandise which it undertook to manufacture, the jury must find for the defendant.

Later on the plaintiff's counsel called the attention of the trial judge to the fact that he had charged both ways. The judge disclaimed having done so, but he immediately repeated that part of his charge which cast the burden of proof upon the defendant. The defendant's counsel thereupon called attention to the fact that the charge was both ways, and then the court said: "No such thing. And in order to clear it up, that you may understand, gentlemen of the jury, I charge this: That the plaintiff must make out his case by a preponderance of evidence. In other words, he must prove the sale and delivery of the goods and the nonpayment; and the defendant if he seeks to avoid the payment, and in order to show that the goods were not of the character as represented or as sold — in order to prove that defense in the counterclaim, he must prove that by a fair preponderance of evidence." Proper exceptions were taken by the defendant.

The charge as made certainly left the minds of the jury in a very unsettled state. It cannot be said on what rule of law the verdict was based. The error was of sufficient gravity to require a reversal of the judgment. (*Black v. Brooklyn City R. R. Co.*, 108 N. Y. 640.)

The defendant's counsel also argues that the court erred in its charge as to the measure of damages on the counterclaim. With reference to the counterclaim the court charged the jury at the plaintiff's request that, unless they found that the market value of the goods at the time when they were returned had been proved, the defendant had not shown any damages under his counterclaim and, hence, could not recover thereon, to which the defendant's counsel excepted.

The market value at the time of the return of the gloves was not material. The measure of damages was

the difference between the value of the goods which were actually delivered and what their value would have been had they corresponded to the contract, and the charge of the judge was erroneous. (*Hooper* v. *Story*, 155 N. Y. 171.)

There are other exceptions to the charge and some exceptions to the rulings on questions of evidence which the defendant argues were well taken, but it is not necessary to consider them inasmuch as the errors already pointed out must lead to a reversal of the judgment.

The judgment should be reversed and new trial ordered, costs to abide the event.

WERNER, WILLARD BARTLETT, HISCOCK, CHASE and COLLIN, JJ., concur.

Judgment reversed, etc.