ALEXANDER STEWART, Respondent, *v.* HERBERT A. NEW-
BURY et al., Doing Business under the Firm Name of
NEWBURY MANUFACTURING COMPANY, Appellants.

Contract — action to recover for services rendered — when there is no provision as to payment for work, the work must be substantially performed before demand can be made — erroneous charge.

Where a contract is made to perform work and no agreement is made as to payment therefor, the work must be substantially performed before payment can be demanded. Hence, in an action to recover for services rendered, it was error to charge in substance that if there was no agreement as to payments the plaintiff would be entitled to part payment at reasonable times as the work progressed, and that if such payments were refused he could abandon the work and recover the amount due him for work performed, and to refuse to charge that plaintiff was not entitled to any payment until the contract was completed.

*Stewart* v. *Newbury,* 163 App. Div. 868, reversed.

(Argued March 13, 1917; decided March 27, 1917.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered April 21, 1914, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Philip A. Rorty* for appellants. The contract was an entire one. There is no suggestion that the plaintiff ever fully performed this contract, and until he did he was not entitled to any payment. (*Smith* v. *Brady*, 17 N. Y. 173; *Catlin* v. *Tobias*, 26 N. Y. 217; *People ex rel. Cossey* v. *Grout*, 179 N. Y. 417; *M'Millan* v. *Vanderlip*, 12 Johns. 165; *Jennings* v. *Camp*, 13 Johns. 94; *Reab* v. *Moor*, 19 Johns. 337; *Lantry* v. *Parks*, 8 Cow. 63; *Marsh* v. *Rulesson*, 1 Wend. 515; *Champlin* v. *Rowley*, 13 Wend. 259; *Henderhen* v. *Cook*, 66 Barb. 21; *Delehanty* v. *Dunn*, 151 App. Div. 695.) As the plaintiff was not entitled to recover upon either of the propositions submitted to the jury by the court, the verdict must be set aside for error in the instructions upon this question. (*Ring* v. *City of Cohoes*, 77 N. Y. 83; *Ayres* v. *Vil. of Hammondsport*, 130 N. Y. 665; *Buchanan* v. *Belsey*, 65 App. Div. 58; *Rosenstock* v. *Metzger*, 136 App. Div. 620; *Pettit* v. *Pettit*, 149 App. Div. 485; *Thompson* v. *Peterson*, 152 App. Div. 667.)

*Percy V. D. Gott* for respondent.

CRANE, J. The defendants are partners in the pipe fitting business under the name of Newbury Manufacturing Company.

The plaintiff is a contractor and builder residing at Tuxedo, N. Y.

The parties had the following correspondence about the erection for the defendants of a concrete mill building at Monroe, N. Y.

" ALEXANDER STEWART,
" Contractor and Builder,
            " TUXEDO, N. Y., *July* 18*th*, 1911.
" NEWBURY MFG. COMPANY,
                " Monroe, N. Y.:

" GENTLEMEN.—With reference to the proposed work on the new foundry building I had hoped to be able to get up and see you this afternoon, but find that impossible and am, in consequence, sending you these prices, which I trust you will find satisfactory.

" I will agree to do all excavation work required at sixty-five ($.65) cents per cubic yard.

" I will put in the concrete work, furnishing labor and forms only, at Two and 05–100 ($2.05) Dollars per cubic yard.

" I will furnish labor to put in reenforcing at Four ($4.00) Dollars per ton.

" I will furnish labor only to set all window and door frames, window sash and doors, including the setting of hardware for One Hundred Twelve ($112) Dollars. As alternative I would be willing to do any or all of the above work for cost plus 10 per cent., furnishing you with first class mechanics and giving the work considerable of my personal time.

" Hoping to hear favorably from you in this regard, I am,                    Respectfully yours,
            " (signed)  ALEXANDER STEWART.

" THE NEWBURY MFG. CO.,
" Steam Fittings, Grey Iron Castings,
" Skylight Opening Apparatus,
            " Monroe, N. Y.
" Telephone Connection.   MONROE, N. Y., *July* 22, 1911.
" ALEXANDER STEWART,
        " Tuxedo Park, N. Y.:

" DEAR SIR. — Confirming the telephone conversation of this morning we accept your bid of July the 18th to do

the concrete work on our new building.  We trust that you will be able to get at this the early part of next week.

> " Yours truly,
> " THE NEWBURY MFG. CO.,
> " H. A. NEWBURY."

Nothing was said in writing about the time or manner of payment.  The plaintiff, however, claims that after sending his letter and before receiving that of the defendant he had a telephone communication with Mr. Newbury and said: " I will expect my payments in the usual manner," and Newbury said, " All right, we have got the money to pay for the building."  This conversation over the telephone was denied by the defendants.

The custom, the plaintiff testified, was to pay 85% every thirty days or at the end of each month, 15% being retained till the work was completed.

In July the plaintiff commenced work and continued until September 29th, at which time he had progressed with the construction as far as the first floor.  He then sent a bill for the work done up to that date for $896.35. The defendants refused to pay the bill and work was discontinued.

The plaintiff claims that the defendants refused to permit him to perform the rest of his contract, they insisting that the work already done was not in accordance with the specifications.  The defendants claimed upon the trial that the plaintiff voluntarily abandoned the work after their refusal to pay his bill.

On October 5, 1911, the defendants wrote the plaintiff a letter containing the following: " Notwithstanding you promised to let us know on Monday whether you would complete the job or throw up the contract, you have not up to this time advised us of your intention.  *  *  * Under the circumstances we are compelled to accept your action as being an abandonment of your contract and of

every effort upon your part to complete your work on our building. As you know, the bill which you sent us and which we declined to pay is not correct, either in items or amount, nor is there anything due you under our contract as we understand it until you have completed your work on our building."

To this letter the plaintiff replied the following day. In it he makes no reference to the telephone communication agreeing, as he testified, to make "the usual payments," but does say this: "There is nothing in our agreement which says that I shall wait until the job is completed before any payment is due, nor can this be reasonably implied * * *. As to having given you positive date as to when I should let you know what I proposed doing, I did not do so; on the contrary I told you that I would not tell you positively what I would do until I had visited the job, and I promised that I would do this at my earliest convenience and up to the present time I have been unable to get up there."

The defendant Herbert Newbury testified that the plaintiff "ran away and left the whole thing." And the defendant F. A. Newbury testified that he was told by Mr. Stewart's man that Stewart was going to abandon the job; that he thereupon telephoned Mr. Stewart, who replied that he would let him know about it the next day, but did not.

In this action, which is brought to recover the amount of the bill presented, as the agreed price and $95.68 damages for breach of contract, the plaintiff had a verdict for the amount stated in the bill, but not for the other damages claimed, and the judgment entered thereon has been affirmed by the Appellate Division.

The appeal to us is upon exceptions to the judge's charge. The court charged the jury as follows: " Plaintiff says that he was excused from completely performing the contract by the defendants' unreasonable failure to pay him for the work he had done during the months

of August and September ´ * * *. Was it understood
that the payments were to be made monthly ? If it was
not so understood the defendants' only obligation was to
make payments at reasonable periods, in view of the
character of the work, the amount of work being done
and the value of it. In other words, if there was no
agreement between the parties respecting the payments,
the defendants' obligation was to make payments at rea-
sonable times. * * * But whether there was such an
agreement or not, you may consider whether it was rea-
sonable or unreasonable for him to exact a payment at
that time and in that amount."

The court further said, in reply to a request to charge:
"I will say in that connection, if there was no agreement
respecting the time of payment, and if there was no cus-
tom that was understood by both parties, and with respect
to which they made the contract, then the plaintiff was
entitled to payments at reasonable times."

The defendants' counsel thereupon made the following
request, which was refused: "I ask your Honor to instruct
the jury that if the circumstances existed as your Honor
stated in your last instruction, then the plaintiff was
not entitled to any payment until the contract was
completed."

The jury was plainly told that if there were no agree-
ment as to payments, yet the plaintiff would be entitled
to part payment at reasonable times as the work pro-
gressed, and if such payments were refused he could
abandon the work and recover the amount due for the
work performed.

This is not the law. Counsel for the plaintiff omits to
call our attention to any authority sustaining such a
proposition and our search reveals none. In fact the law
is very well settled to the contrary. This was an entire
contract. (*Ming* v. *Corbin*, 142 N. Y. 334, 340, 341.)
Where a contract is made to perform work and no agree-
ment is made as to payment, the work must be substan-

1917.]    Opinion, per CRANE, J.    [220 N. Y.]

tially performed before payment can be demanded. (*Gurski* v. *Doscher*, 112 App. Div. 345; affd., 190 N. Y. 536; *Cunningham* v. *Jones*, 20 N. Y. 486; *People ex rel. Cossey* v. *Grout*, 179 N. Y. 417, 426; *Delehanty* v. *Dunn*, 151 App. Div. 695; *Smith* v. *Brady*, 17 N. Y. 173, 187, 188; *Catlin* v. *Tobias*, 26 N. Y. 217; *Cronin* v. *Tebo*, 71 Hun, 59, 61; affd., 144 N. Y. 660; *Coburn* v. *Hartford*, 38 Conn. 290; *Poland* v. *Thomaston F. & O. B. Co.*, 100 Me. 133; *Thompson* v. *Phelan*, 22 N. H. 339; *Friedman* v. *Schleuter*, 105 Ark. 580.)

This case was also submitted to the jury upon the ground that there may have been a breach of contract by the defendants in their refusal to permit the plaintiff to continue with his work, claiming that he had departed from the specifications, and there was some evidence justifying this view of the case, but it is impossible to say upon which of these two theories the jury arrived at its conclusion. The above errors, therefore, cannot be considered as harmless and immaterial. (*Stokes* v. *Barber Asphalt Paving Co.*, 207 N. Y. 252, 257; *Condran* v. *Park & Tilford*, 213 N. Y. 341; *Clarke* v. *Schmidt*, 210 N. Y. 211, 215.) As the verdict was for the amount of the bill presented and did not include the damages for a breach of contract, which would be the loss of profits, it may well be presumed that the jury adopted the first ground of recovery charged by the court as above quoted and decided that the plaintiff was justified in abandoning work for non-payment of the installment.

The judgment should be reversed, and a new trial ordered, costs to abide the event.

HISCOCK, Ch. J., COLLIN, CARDOZO, POUND and ANDREWS, JJ., concur; CUDDEBACK, J., absent.

Judgment reversed, etc.