JEAN GORMAN, BY NEXT FRIEND, ET AL., PLAINTIFFS, v. MORTON MAINZER AND ARTHUR H. AREE, DEFENDANTS.

Submitted October term, 1929—Decided March 3, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *Edwin F. Smith* and *Raymond Dawson.*

*Contra, Alexander & Cohn.*

PER CURIAM.

Claude Gorman, the father of the infant child, Jean, was driving a Ford coupe, northerly on Maple avenue, in Glen Rock, Bergen county, at about eight o'clock of the evening of December 30th, 1928. The car had but one seat and was occupied by Claude Gorman, sitting on the left side, his wife sitting next to him on his right and his mother-in-law sitting next and at the extreme right. On the wife's lap was a young child, of a few months of age and on the lap of the mother-in-law was sitting the plaintiff, Jean, who was at the time of the happening about four years of age.

The defendant Mainzer was the owner of a Ford roadster, which was being operated by the defendant Aree, and occupied by him and his wife and child. This car was being driven southerly on Maple avenue and was followed by a Cleveland car operated by one Volenski.

The Ford coupe of Gorman and the Ford roadster driven by Aree came into collision and immediately thereafter Gorman's car and that of Volenski collided. The Gorman car was forced around in the highway and upset. The right arm of the child Jean was pinned under the car and so badly injured that it was necessary to amputate it at a point between the elbow and the shoulder.

The impact of the collision forced the roadster, driven by Aree, over to its left-hand side of the roadway, up and over the curb and into a tree, where and when it came to a stop.

The Volenski car, which was following that of Aree, was either forced or driven upon and over the curb and sidewalk, upon its right-hand side of the road, and upon a lawn and into a tree, when and where it came to a stop.

The infant plaintiff, Jean Gorman, has a verdict of $35,000, which the defendants seek to set aside, urging two reasons:

1. That it is against the weight of the evidence.

2. That it is excessive.

The proofs present two distinct versions of the happening.

Gorman and his wife and mother-in-law say that the car in which they were riding was being driven on the right side of the road at a speed of from eighteen to twenty miles per

hour; that the roadster, in charge of the defendant Aree was being driven without lighted head lights, at a high rate of speed, in the center of the road and was being closely followed by the car of Volenski, which was trying to pass the roadster on its right; that the roadster did not become observable until it was within fifteen feet of the Gorman car which it almost immediately struck, causing the happening. The front bumper and left front wheel of the roadster were broken and this is urged as being corroborative of the plaintiffs' narration of the happening. As to this, Aree, the driver of the roadster, says that the wheel of his car broke when it hit and was forced over the curb, after the collision, and that the bumper was broken when it came in contact with a tree, also after the collision.

The defendants' narration of the happening is that the Ford roadster, operated by Aree, was being driven on its right-hand side of the center of the highway at from twenty-five to thirty to thirty-five miles per hour; that it had been followed by the Volenski car for about a mile; that just as the roadster reached the Gorman car the latter swerved suddenly to its left, striking the roadster upon its left side near where the driver, Aree, was sitting. This is the testimony of Aree, the driver of the roadster, and is substantially that of his wife, and Volenski, the driver of the car, designated as the Cleveland car, which was immediately in the rear and following the roadster.

The borough recorder and a police officer of Glen Rock say that when Gorman was questioned at the police station immediately after the accident, he said that as he was driving along he thought he saw something on the pavement of the roadway immediately in front of his car, and in turning and swerving his car quickly to the left to avoid this object his car came in contact with the roadster, thus causing and producing the happening.

It is to be noted that Claude Gorman, the driver of the car, and the father of the infant Jean, was also a party plaintiff in the action seeking to recover damages resulting to him by

and through the injuries to his daughter, and that while the jury found in favor of the latter, it found against the father.

This would, at least, strongly indicate that the jury found that both Aree, the driver of the Ford roadster, and Gorman, the driver of the car in which the infant Jean was a passenger, were chargeable with negligence which was the proximate cause of the happening.

The plaintiff Jean Gorman being a passenger in the car, and particularly because of the fact that she was an infant of only about four years of age, could not have attributed or imputed to her, the negligence, if any, of her father.

With this before us and the condition of the proofs being as we have stated them, we cannot say that the finding of the jury was so against the weight of the evidence as to indicate that it was the product of passion, prejudice and mistake warranting its being set aside.

While the result of the injuries to the infant was the loss of a large portion of her right arm, with the possibility of a further operation thereto and the loss of such member, which we fully realize will be a serious handicap to her throughout her entire life, still we cannot escape the conclusion that so far as such infirmities are capable of being measured and compensated for in a monetary way this verdict of $35,000 is excessive.

We think an award of $25,000 woud be ample compensation and if plaintiff shall within thirty days from the entering of an order hereunder file her consent to a reduction of her verdict to $25,000 the rule to show cause will be discharged, otherwise it will be made absolute, and a *venire de novo* will issue.