PETER TRBOVICH, Respondent, *v.* JOHN F. BURKE, as Receiver of the Property of the HAMBURG RAILWAY COMPANY, Appellant.

Fourth Department, January 20, 1932.

*James C. Sweeney,* for the appellant.

*Dana L. Spring,* for the respondent.

PER CURIAM. The principle of " the last clear chance " applicable to this case is stated in the opinion in *Woloszynowski* v. *N. Y. C. R. R. Co.* (254 N. Y. 206, at p. 208), as follows: " The doctrine of the last clear chance, however, is never wakened into action unless and until there is brought home to the defendant to be charged with liability a knowledge that another is in a state of present peril, in which event there must be reasonable effort to counteract the peril and avert its consequences (*Wright* v. *Union Ry. Co.,* 224 App. Div. 55; 250 N. Y. 526). Knowledge may be established by circumstantial evidence, in the face even of professions of ignorance (cf. *Bragg* v. *Central New England Ry. Co.,* 228 N. Y. 54), but knowledge there must be, or negligence so reckless as to betoken indifference to knowledge."

The trial justice denied requests phrased in accord with the principle above stated. Exceptions were taken. Errors occurred in this way. Although the court afterwards granted some requests seemingly inconsistent with the previous denials of requests, still later the court again stated the law in seeming consonance with his first position. In this state of the record the errors referred to were not cured for the defendant was entitled to an unambiguous instruction of the pertinent law.

If the police blotter entries were made on the basis of Officer Ciulis' communication, they were entitled to be received in evidence.

There was proof that such was the case. The entries should, therefore, have been received and the jury instructed that their only value was in showing what Officer Ciulis reported shortly after the accident and that if the entries were not found to have been based on Officer Ciulis' communication, the entries were pure hearsay and entitled to no weight.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and CROSBY, JJ.

Judgment reversed on the law and a new trial granted, with costs to appellant to abide the event.