I am unable to concur in the decision of my colleagues. Gaffney, the appellant's predecessor in title, was operating a rooming house on the premises at the time of the adoption of the zoning ordinance. Our statute expressly authorizes the continuance of a non-conforming use. R.S. 40:55-48. The right of Gaffney and his grantees to continue the use was a property right, a part of the land title, that could only be extinguished by acts or omissions indicating an intention to abandon it. InHaulenbeek v. Allenhurst, 136 N.J.L. 557 (E. A. 1948), the non-conforming use was discontinued for five years and yet it was held that there was no abandonment. Upon Gaffney's *Page 155 
death, the house was closed and remained unused and empty for four years and was then sold to the present owner, who immediately reopened it as a rooming house. There is nothing at all to show an intention to abandon the right so to use the property, and it was obviously against the interest of Gaffney's heirs to lose this right. Indeed, when we remember that this is a 26-room house in a one-family residence zone in Long Branch, we may say that the building, as distinct from the land, has value only if a non-conforming use is allowable.
The present use is the same as the old. While appellant testified to renting "apartments," the building inspector spoke of "renting rooms or apartments, whatever you may call them." The word apartment may permissibly be employed as a synonym for room.
The respondent urges that Gaffney's lack of a license is fatal to appellant's case. If the operation of a rooming house on the premises had been a violation of a valid prior zoning ordinance, then, upon the adoption of a new ordinance, no right to continue the use would have existed. Durkin Lumber Co. v. Fitzsimmons,106 N.J.L. 183 (E. A. 1929); Levy v. Ackerman,133 N.J.L. 69 (Sup. Ct. 1945). Likewise, I assume, if a particular use is a nuisance per se or unlawful, for instance, the retailing of liquor within 200 feet of a school. In such cases, the illegality of the use adheres to the property itself. But the ordinance on which respondent counts did not bar the use of these premises as a boarding or lodging house; that was an entirely lawful use until the adoption of the present zoning ordinance. The licensing ordinance prohibited anyone from conducting or assisting in the conduct of a boarding or lodging house anywhere in the city without a license, under penalty of $50. The resulting disability belonged to the person and did not relate to the land. Counsel cite no case in which a failure to comply with such an ordinance was held to affect rights under a zoning statute. Also, the licensing ordinance appears to be a revenue measure. See Ruckman v. Bergholz, 37 N.J.L. 437 (E. A. 1874).
For the above reasons, I believe the conviction should be reversed. *Page 156