In an action to recover damages for wrongful death, defendant appeals from a judgment in plaintiff’s favor, entered upon the ten to two verdict of a jury. The accident occurred when intestate, at his work, was struck by the boom of a crane which collapsed and fell, due to a defective member of one of the several sections of the boom, which member was cracked and bent. The disassembled crane and its boom were leased by defendant to intestate’s employer and delivered to that lessee at Yonkers and Hew York City, and trucked to the place of accident near Hudson, H. Y. by the lessee. The several sections of the boom were assembled on the job by employees of the lessee about eight to ten days before the accident. Those employees when they assembled the boom observed the above-mentioned defects and reported the defects to the lessee’s foreman on the job. Judgment reversed on the law and the facts and a new trial granted, with costs to abide the event. The court charged the jury that if they found that the crane and its boom were not leased by appellant for immediate use, but were to be used by the lessee only after it was assembled and inspected by employees of the lessee, then appellant was under no duty to repair the boom after it had been inspected and accepted by the lessee. The proof clearly established that the boom was to be used only after it was assembled by the lessee; that it was assembled on the job by lessee and then inspected by lessee’s employees, who then found therein the above-mentioned defects. Under this *934 rule of law charged by the court, a plaintiff’s verdict is clearly against the evidence. As to defendant’s duty, the court further charged that if the jury found that the crane was defective “ when it got on the job ” and that notice of that defect was then given to appellant, appellant would be liable. This charge is clearly inconsistent with and contradictory of the above-mentioned charge of the rule applicable. It is erroneous in that it refers to notice of defects to appellant after the crane and boom had been delivered by it to the lessee. The court further charged that if the jury found that the boom was defective when it was delivered by appellant to lessee and that appellant knew or should have known of that defect, and that such defect contributed to the happening of the accident, then appellant might be found negligent and liable to plaintiff, irrespective of any concurrent negligence of the lessee or of the crane operator employed by the lessee. This statement made no reference to the immediate use rule stated in the first-mentioned portion of the charge, to the effect that appellant could not be held liable if the boom was not to be put to immediate use by the lessee but was to be assembled and inspected by the lessee before use. To these statements of the rules of its liability the appellant excepted. To appellant’s request to charge that if the jury found that appellant furnished a defective boom to the intestate’s employer, and that the defects therein caused or contributed to the happening of the accident, and the jury further found that appellant at the time of leasing had reason to believe that intestate’s employer would realize or know the dangerous condition of the boom, the verdict must be for defendant, the Court replied: “I decline to charge as already having been fully covered by the charge.” That reason given by the court for declining to charge as requested could refer only to the portion of the charge first hereinbefore mentioned and reaffirmed the immediate use rule then stated. In our opinion the charge was contradictory and left the applicable rule of law in a state of uncertainty. Appellant was entitled to an unambiguous instruction of the pertinent law. (Bisogno v. New York Bys. Co., 194 App. Div. 316, appeals dismissed 233 N. Y. 629; Black v. Brooklyn City B. B. Co., 108 N. Y. 640; Stewart v. Newbury, 220 N. Y. 379; Clarke v. Schmidt, 210 N. Y. 211; Trbovich v. Burke, 234 App. Div. 384; Griffiths v. Delaware & Sudson Co., 238 App. Div. 246.) Nolan, P. J., Carswell, Sneed and MacCrate, JJ., concur; Wenzel, J., dissents and votes to affirm, with the following memorandum: The accident which brought about the death of plaintiff’s deceased was caused by the concurrent negligence of the appellant and its lessee. The verdict was a proper one and no question is raised as to the amount thereof. The errors in the charge preponderatingly favored the appellant.