39 N.J. Super. 1 (1956)
120 A.2d 263
FRANK MACCIA, AN INFANT BY VICTOR MACCIA, HIS GUARDIAN AD LITEM, AND VICTOR MACCIA, INDIVIDUALLY, PLAINTIFFS-APPELLANTS,
v.
CHARLES TYNES, T/A CHARLES CLEANERS & DYERS, AND WILLIAM G. MAYO, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 9, 1956.
Decided January 30, 1956.
*5 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Ralph G. Mesce argued the cause for plaintiffs-appellants (Mr. Americus S. Muti, attorney).
Mr. Melvin B. Cohen argued the cause for defendants-respondents (Messrs. Lowenstein & Cohen, attorneys).
The opinion of the court was delivered by CLAPP, S.J.A.D.
This is an action arising out of an auto accident. The jury returned a verdict of no cause of action, and plaintiffs appeal. The adult plaintiff was driving an auto west on Central Avenue, East Orange, and his three-year-old son, the other plaintiff, was a passenger. At the time of the accident he was making a left turn into Sanford Avenue when his car was struck by defendants' vehicle which was going east on Central Avenue. The traffic signals at that corner were green, authorizing Central Avenue traffic to proceed.
The three questions raised by plaintiffs on the appeal all relate to the trial court's charge, although none of them were brought to the court's attention at the trial. First, plaintiffs attack that portion of the charge italicized below:
"If you find he himself [the adult plaintiff] by his own course of conduct caused or contributed proximately to the accident he can have no recovery, nor can the infant for whom he sues."
*6 Where a parent is driving a car in which his child is a passenger, the parent's contributory negligence cannot be imputed to the child, merely because of the relationship of parent and child or that of driver and passenger. Newman v. Phillipsburg Horse Car R. Co., 52 N.J.L. 446 (Sup. Ct. 1890); Gorman v. Mainzer, 8 N.J. Misc. 150, 153 (Sup. Ct. 1930); Hedges v. McManus, 10 N.J. Misc. 336, 342 (Sup. Ct. 1932); Prosser, Torts (2d ed.), § 54; Restatement of Torts, §§ 488, 490. While we know little more as to the facts beyond that related above, still it was, in effect, conceded on the argument that the case presents no special circumstances to take it out of this rule.
We conclude that the italicized words in the charge constitute plain error of so serious a nature that we should notice it even though it was not brought to the attention of the trial court (see R.R. 1:5-3(c), modifying the third sentence in R.R. 4:52-1) and even though the amount of the child's claim may not be large.
Second, plaintiffs attack the words, italicized below, appearing in another portion of the charge:
"If you find that the plaintiff was guilty of contributory negligence in any fashion, no matter how slight or to what degree, which directly contributed to the happening of the accident, then I charge you to bring in a verdict of no cause of action * * *." (Italics added)
It is, of course, elementary that a plaintiff's contributory negligence will not operate as a bar to his claim unless there is a certain causal relationship between it and the accident. We have held that an instruction is inadequate which makes no reference to this matter of causation, except to say that the plaintiff is barred if his negligence contributed "in any degree" or "in any way" to the accident. Pignatore v. Public Service Coordinated Transport, 26 N.J. Super. 234, 239 (App. Div. 1953); Annotation 102 A.L.R. 411, 423; cf. Restatement of Torts, §§ 462, 465; but see Snyder v. Bicking, 115 N.J.L. 549, 550, 551 (E. & A. 1935). In this respect the sufficiency of the present charge (see the portion first quoted in this opinion, insofar as it *7 deals with the adult plaintiff) has not been dealt with by counsel. However, we need not pursue the matter, for obviously there is no error here so serious as to require us to take notice of it in the absence of an objection thereto in the court below.
We might add that in any case where this matter of causation is sufficiently covered by the charge, it is quite proper for the court also to instruct the jury that the plaintiff is barred if his negligence contributed "in any degree" to the accident. For as the law now stands, it is entirely settled that plaintiff's negligence will preclude recovery notwithstanding that it is lesser in degree than defendant's negligence; for example, the plaintiff may not recover even though his negligence is slight while defendant's negligence is ordinary or gross, or even though it is ordinary while defendant's negligence is gross. New Jersey Express Co. v. Nichols, 33 N.J.L. 434, 439 (E. & A. 1867); Pennsylvania R. Co. v. Righter, 42 N.J.L. 180, 183 (E. & A. 1880); Menger v. Laur, 55 N.J.L. 205, 210, 215 (Sup. Ct. 1893); Conkling v. Erie R. Co., 63 N.J.L. 338, 341 (E. & A. 1899); George Siegler Co. v. Norton, 8 N.J. 374, 384 (1952); Battaglia v. Norton, 16 N.J. 171, 177 (1954); Annotation, 114 A.L.R. 830 (1938); Prosser, Torts (2d ed.), § 53; compare 1956 Assembly No. 103 relating to comparative negligence.
Third, plaintiffs attack the italicized words in the following portion of the charge:
"Now ordinarily all a plaintiff has to do is use reasonable care. In situations of this kind, turning left against oncoming traffic, one must seek an opportune time and use great care in the process." (Italics added.)
It has been held that a driver making a left turn at a corner must seek an opportune time and use great or high care, if traffic at the corner is not governed by traffic control signals or by a traffic or police officer; but if it is so governed, the effect of N.J.S.A. 39:4-115 is such that the person making a left turn is under a duty merely to use *8 proper care to avoid accidents. Politi v. Pennsylvania Greyhound Lines, Inc., 5 N.J. Super. 364, 367 (App. Div. 1949); Tate v. Costa, 29 N.J. Super. 527, 532 (App. Div. 1954); cf. N.J.S.A. 39:4-126 declaring that no person shall turn a vehicle or start or back it "unless and until such movement can be made with safety." It may be observed that traffic lights are some indication of the busyness of the intersection.
Judge Jayne, speaking for the Appellate Division in Pignatore v. Public Service Coordinated Transport, 26 N.J. Super. 234, 239 (App. Div. 1953), supra, has said that the term "reasonable care" is sufficiently flexible to accommodate itself to various degrees of risk, and that it may be more practicable not to attempt (certainly as a general thing) to pigeonhole innumerable situations, each with a train of variations, as requiring great care, ordinary care or slight care, as the case may be. The standard of reasonable care under the circumstances need not vary; however it is obvious that a greater danger or a greater responsibility will constitute a circumstance which, within the very terms of the standard, may call for a greater quantum of care. Prosser, Torts (2d ed.), § 33; Restatement of Torts § 298 a; cf. New Jersey Fidelity & Plate Glass Ins. Co. v. Lehigh Val. R., 92 N.J.L. 467, 470 (E. & A. 1918).
If from a multitude of possible circumstances we single out one of them as requiring us to pigeonhole the case under one of the three standards, the jury may be induced to overlook other, perhaps more important circumstances. The case at hand points this up. For the degree of care required of a driver making a left turn at a corner depends more on the quantity of traffic he must cut across, and less on whether traffic lights are located on the corner.
In our view  whether or not there are traffic signals  a proper instruction with respect to the making of a left turn need merely refer to the standard of reasonable care. However, where a left turn is made in front of or through the course of oncoming vehicles, it may be most appropriate for the court in its charge to instruct the jury in particular as to the caution required in making such a turn. Cf. *9 Pignatore v. Public Service Coordinated Transport, 26 N.J. Super. 234, 238 (App. Div. 1953).
Furthermore, under certain circumstances it may be appropriate to instruct the jury that the exercise of reasonable care may require the driver to await an opportune time before making the left turn. Felix v. Adelman, 113 N.J.L. 445, 448 (E. & A. 1934). But under other circumstances such an instruction may not be suitable, as, where the turn is authorized by a policeman or traffic officer. It will be observed that the case last cited left open the question whether the term "great care" should be employed in a charge with respect to a left turn; cf. Wassmer v. Public Service Electric & Gas Co., 122 N.J.L. 367, 371 (E. & A. 1939).
As above stated, we think a proper instruction as to the matter of a left turn need merely refer to the standard of reasonable care. However, the question whether prejudicial error is committed when a trial judge lays down a standard of "great care" is another matter. We need not consider that question here; it will turn on the circumstances of the case. Suffice it here to hold that the injection of the term "great care" in the instruction before us does not constitute plain error of so serious a nature as to require us to notice it, even though it was not brought to the attention of the trial court.
The only error cognizable here, therefore, is that portion of the court's instructions referred to in the first point above stated, namely, that which charges the infant plaintiff with his father's negligence. This point (indeed all three of the above points) goes to the issue of contributory negligence. Defendants argue that the general verdict of the jury in their favor must be taken as a finding for them not only on the issue of contributory negligence, but also on the issue of their negligence. They cite Kelley v. Curtiss, 16 N.J. 265, 273 (1954):
"* * * The case against Curtiss having been submitted to the jury with instructions that he was entitled to a verdict of no cause for action if the jury found either that he was not negligent or that *10 Mrs. Kelley was guilty of contributory negligence, the general verdict is to be considered as determining both grounds in Curtiss' favor."
Relying on this authority, defendants argue that where the issues of contributory negligence and defendants' negligence are submitted to a jury, any error as to the charge respecting contributory negligence is not prejudicial where a jury has found for the defendants.
This opens up a question as to which the authorities in other jurisdictions are divided. The question  to state it generally  arises where two issues are left to a jury, either of which may be determinative of the case, and a general verdict is brought in, making it impossible to ascertain upon which of the issues the verdict was founded. One line of authority holds that where no error has been committed as to one of the issues, for example, with respect to the instructions to the jury (or the admission of evidence), then the case should not be reversed, because the appellant cannot establish that he has been prejudiced. Altieri v. Peattie Motors, Inc., 121 Conn. 316, 185 A. 75, 77 (Sup. Ct. Err. 1936) (but cf. Zatkin v. Katz, 126 Conn. 445, 11 A.2d 843, 845 (Sup. Ct. Err. 1940)); Knisely v. Community Traction Co., 125 Ohio St. 131, 180 N.E. 654 (Sup. Ct. 1932); cf. Bush v. Harvey Transfer Co., 146 Ohio St. 657, 67 N.E.2d 851, 856 (Sup. Ct. 1946). The weight of authority is the other way, holding that there must be a reversal even if the error infects only one of the issues. Kelley v. William J. Ryan, Inc., 6 N.J. Misc. 69, 70 (Sup. Ct. 1928); State of Maryland v. Baldwin, 112 U.S. 490, 493, 5 S.Ct. 278, 28 L.Ed. 822, 823 (1884); Stokes v. United States, 264 F. 18, 23 (8 Cir. 1920); Christian v. Boston & M.R.R., 109 F.2d 103, 105 (2 Cir. 1940); Southern Casualty Co. v. Hughes, 33 Ariz. 206, 263 P. 584, 588 (Sup. Ct. 1928); Funk v. St. Paul City Ry. Co., 61 Minn. 435, 63 N.W. 1099, 1102, 29 L.R.A. 208 (Sup. Ct. 1895); Heinen v. Heinen, 64 Nev. 527, 186 P.2d 770, 776-778 (Sup. Ct. 1947); Stewart v. Newbury, 220 N.Y. 379, 115 N.E. 984, 985, 2 A.L.R. 519 (Ct. App. *11 1917); Norfolk & W. Ry. Co. v. Mace, 151 Va. 458, 145 S.E. 362, 363 (Sup. Ct. App. 1928); Tisdale v. Panhandle & S.F. Ry. Co., Tex. Com. App., 228 S.W. 133, 137, 16 A.L.R. 1264 (Commn. App. 1921). We need not in this case deal with the question presented where a general verdict is rendered for the plaintiff on a complaint containing both good and bad counts. See Karnuff v. Kelch, 71 N.J.L. 558, 559, 560 (E. & A. 1905); 89 C.J.S., Trial, § 503; State v. Huggins, 84 N.J.L. 254, 258 (E. & A. 1913); but see Hagar v. Norton, 188 Mass. 47, 73 N.E. 1073, 1074 (Sup. Jud. Ct. 1905); 5 C.J.S., Appeal and Error, § 1562g.
We think the New Jersey courts have assumed that the above stated majority rule prevails in this State. For example, in negligence cases where there has been a general verdict for the defendant, appellate courts have reversed because of an error in the charge as to contributory negligence, even though no error seems to have been committed with respect to the issue of defendant's negligence. Wassmer v Public Service Electric & Gas Co., 122 N.J.L. 367, 374 (E. & A. 1939); Girardin v. New York & L.B.R. Co., 135 N.J.L. 135 (E. & A. 1947). Similarly (but see Bush v Harvey Transfer Co., 146 Ohio St. 657, 67 N.E.2d 851 (Sup. Ct. 1946)), they have reversed because of an error in the charge solely as to defendant's negligence. Perry v. Public Service Co-Ordinated Transport, 136 N.J.L. 398 (Sup. Ct. 1948).
We think the minority rule to be less equitable. R.R. 1:5-3(b) (cf. 4:63-1), modeled largely on Rule 61 of the Federal Rules of Civil Procedure, 28 U.S.C.A., places the burden on an appellant of showing that the action taken below "appears" to give rise to a substantial injustice. Cf. N.J.S.A. 2:27-363. This represents a middle course between (on the one hand) the position expressed in the above minority rule, namely, that the appellant is obliged to establish that the error in fact did produce the verdict, and (on the other hand) the rule once asserted in this State (Ruckman v. Bergholz, 37 N.J.L. 437, 441 (E. & A. *12 1874)) that any error is ground for reversal, unless it is clear that the party complaining has not been injured thereby. Further, see 7 Moore's Federal Practice (2d ed.), § 61.02 and 61.03; 1 Wigmore, Evidence (3rd ed.), § 21. Compare Rules 6 and 7 of the Model Code of Evidence, comment to said Rule 6, also Rules 4 and 5 of the Uniform Rules of Evidence  which provide, more explicitly than the present New Jersey rules, that error is reversible only if it "probably had a substantial influence" on the verdict.
In Kelley v. Curtiss, 16 N.J., at page 273, supra, the opinion of the court perhaps (as indicated when the court was discussing the collateral effect of special findings by a jury) turned on the fact that the law is placed in this dilemma when dealing with the doctrine of collateral estoppel by judgment: a general verdict for a defendant in a negligence case must be deemed binding collaterally either on both of the issues (plaintiff's negligence and defendant's lack of negligence) or on neither issue. It is preferable, when considering the doctrine of collateral estoppel, to treat it as binding on both issues. But it does not follow that the verdict should therefore be held determinative of both issues, when the court is dealing with the problem of reversibility because of error in the charge with respect to one of the issues. There is no such dilemma there. Suffice it here to hold that the error referred to in plaintiffs' first point probably had a substantial influence on the jury's verdict, and moreover (as we have said) it was such a serious error as to require an appellate court's intervention even though the matter was not brought to the trial court's attention.
The error in the charge which leads to a reversal affects only the rights of the infant plaintiff, and accordingly a new trial will be granted to him, and the judgment denying recovery to his father will be affirmed. As under the old practice, the court in its discretion, depending on the circumstances of the case, may order a new trial as to one of the appellants if the determination as to him is fairly severable from the determination as to the other. Roberts *13 v. Saunders, 118 N.J.L. 548, 552 (E. & A. 1937); cf. R.R. 4:61-1(a); 6 Moore's Federal Practice (2d ed.), § 59.06.
Any claim that the father has for loss of services and for medical expenses incurred by him on behalf of the child, falls. The right to such services and to reimbursement for such expenses is not derivative, but independent and separate from his child's rights. Kimpel v. Moon, 113 N.J.L. 220 (Sup. Ct. 1934); cf. Danek v. Hommer, 9 N.J. 56, 60 (1952); Prosser, Torts (2d ed.), 703.
No costs.