■ JAMES C. OLIVER, Appellant, v. SAMUEL SCHREIBER et al., Respondents. (Action No. 1.) THOMAS E. ROSE et al., Appellants, v. SAMUEL SCHREIBER et al., Respondents. (Action No. 2.) — In consolidated negligence actions to recover damages for personal injuries, medical expenses, etc., plaintiffs appeal from a judgment of the Supreme Court, Nassau County, dated October 23, 1967, in favor of defendants, upon a jury verdict. Judgment reversed, on the law, and new trial granted, with costs to appellants to abide the event. The findings of fact below are affirmed. In our opinion the undisputed evidence established the negligent operation of the automobile by the defendant driver; and the jury's verdict in favor of defendants can only be supported by findings (1) that the plaintiff passengers were contributorily negligent in riding in the automobile by reason of the defendant driver's intoxication to the extent that it impaired his driving ability and (2) that the plaintiff passengers knew, or should have known, that this was so. In these circumstances we hold it was error to exclude the traffic accident report of the police officer who arrived at the scene five minutes after the accident. Although the officer did not witness the accident, the information contained in his report was given to him by the defendant driver. The officer's statement in the report that the defendant driver's condition was "Apparently Normal" related to a matter within the officer's own observation while carrying out his police duties; and, as such, it was admissible on the issue of the intoxication of the defendant driver (cf. *Kelly* v. *Wasserman*, 5 N Y 2d 425; *Felska* v. *New York Cent. & Hudson Riv. R. R. Co.*, 152 N. Y. 339, 344; *Yeargans* v. *Yeargans*, 24 A D 2d 280, 282; *Burnell* v. *La Fountain*, 6 A D 2d 586, 590–591; *Trbovich* v. *Burke*, 234 App. Div. 384). In view of the closeness of this issue, the erroneous exclusion of this portion of the police report requires a new trial. Rabin, Benjamin and Munder, JJ., concur; Christ, Acting P. J., and Brennan, J., dissent and vote to affirm the judgment.

■ ROSE PATERNOSTRO, Respondent, v. SALVATORE SCHILLACI, Appellant, et al., Defendant.— In an action to recover damages for personal injuries incurred by plaintiff while a passenger in a motor vehicle owned and operated by appellant, the appeal is from an order of the Supreme Court, Westchester County, dated October 9, 1968, which (1) granted plaintiff's motion to set aside a jury verdict in favor of appellant upon a trial of the issues of liability only and to direct a verdict in favor of plaintiff on those issues and (2) set the case down for an assessment of damages. Order reversed, with costs, plaintiff's motion denied and jury verdict reinstated. No claim is made that errors of law occurred at the trial or that prejudicial conduct improperly influenced the verdict. Under these circumstances, and on the proof adduced, which indicated an issue of fact as to the negligence of appellant, it may not be held that the evidence preponderates so greatly in favor of plaintiff as to establish that the jury's verdict for appellant "could not have been reached upon any fair interpretation of the evidence" (*Olsen* v. *Chase Manhattan Bank*, 10 A D 2d 539, 544; *Herman* v. *Hubert*, 12 A D 2d 767). Beldock, P. J., Christ, Rabin, Munder and Martuscello, JJ., concur.